UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                        Case No.  1:08-cr-084-JTC-1

**DONNA RENEE GAMBLE**

Defendant's Attorney:
Jimmie Berry

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Counts 1 through 22 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 1-17 |
| 18 U.S.C. § 666(a)(1)(A) | Theft from an Organization Receiving Federal Funds | 18-22 |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 2,200** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        xxx-xx-2102              Date of Imposition of Sentence: August 19, 2008
Defendant's Date of Birth:          1965
Defendant's Mailing Address:
Marietta, GA.

Signed this the 21st day of August, 2008.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE

1:08-cr-084-JTC-1 : DONNA RENEE GAMBLE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THIRTY-TWO (32) MONTHS**.

It is ordered that all of the Defendant's right, title and interest in the property identified in the Consent Preliminary Order of Forfeiture dated August 19, 2008, which is hereby incorporated by reference, is forfeited.

The Defendant shall surrender to the United States Marshal for this district at NOON at the designated facility, but not less than 30 days after the date of sentencing.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:08-cr-084-JTC-1 : DONNA RENEE GAMBLE

# RESTITUTION

The defendant shall make restitution to the following person(s) in the following amounts:

| **Name of Payee** | **Amount of Restitution** |
| --- | --- |
| Georgia Institute of Technology<br>Office of Legal Affairs<br>(Attn: Randy Nordin) | $316,874.12 |

The restitution is due immediately.

1:08-cr-084-JTC-1 : DONNA RENEE GAMBLE

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS.**

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

1. The defendant shall perform **250 hours** of community service as directed by the probation officer.

2. The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

3. The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.

4. The defendant shall make payments toward the unpaid balance of the restitution imposed by this order in accordance with the Sliding Scale for Payment of Monetary Penalties adopted by this Court, but in no event less than $150 per month.

5. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

6. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

7. The defendant shall submit to any reasonable search of his person, property (real, personal, or rental), residence, office, and/or vehicle(s), at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

8. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

1:08-cr-084-JTC-1 : DONNA RENEE GAMBLE

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.